No. 49,232

*In re* Inquiry relating to R. E. Miller, Judge of the Fifth Judicial
District.

(572 P.2d 896)

Opinion filed November 5, 1977.

*F. C. McMaster,* of Wichita, argued the cause for the respondent.

*Edward G. Collister, Jr.,* of Lawrence, argued the cause for the Commission on Judicial Qualifications.

*Per Curiam:* This is an original proceeding in discipline, formally commenced on December 8, 1976, against District Judge R. E. Miller of Emporia. The Commission on Judicial Qualifications found that Judge Miller had violated Canons 2 A. and 2 B. of the Code of Judicial Conduct, 214 Kan. xciv, and it recommended that he be publicly censured. Omitting preliminary recitations, the Findings of Fact, Conclusions of Law, and Recommendations of the Commission are as follows:

### FINDINGS OF FACT

That prior to July 29, 1976, Respondent, R. E. Miller, who was at the time a Judge of the District Court of Lyon County, Kansas, during a conversation he had with an acquaintance of his, one A. J. Place, was informed by Mr. Place that Mr. Place had received a ticket in Lyon County, which ticket he did not think was proper. That on July 29, 1976, at or about 5:00 o'clock p.m., at a time when the Office of the County Court of Lyon County, Kansas was closed to the public, Respondent, after knocking upon the door, was admitted to the main office of the County and Probate Court of Lyon County, Kansas. Present at the time were the Hon. Darrell Meyer, Judge of the County and Probate Courts, and court personnel Karen Johnson, Cheryl Humphries, Shelli Shafer, Yolanda Rodriquez, and Darlene Botkin. That in the presence of various of the court personnel, Respondent and Judge Meyer engaged in the following conversation: Respondent asked the then presiding Judge of the County Court, Judge Darrell Meyer, if he would dismiss a ticket of a friend of his, a Mr. A. J. Place. Judge Meyer responded that he would not dismiss the ticket. Respondent then inquired of Judge Meyer what the fine was, and upon receiving a response inquired of Judge Meyer if he would reduce the fine to $5.00. Judge Meyer responded that he would not. Respondent commented that because of the circumstances, Respondent's friend, Mr. A. J. Place, should not have

received the ticket. Respondent then left the office of the County Court, remarking to Judge Meyer, "Well, I guess that is one favor I don't owe you." That at the time and under the circumstances in question, Respondent did not appear to those present to be joking about the requests that he had made, but appeared to be serious about them.

CONCLUSIONS OF LAW

The Commission, by an affirmative vote of five members of the Commission who have considered the record, finds that the charges referred to in the following paragraphs have been proven.

1. The Commission concludes that the Respondent, R. E. Miller, in accordance with the findings of fact set forth previously hereof be found guilty of committing a violation of the provisions of Canon 2 A. of the Canons of Judicial Conduct of the State of Kansas as charged in the Notice of Formal Proceeding.

2. The Commission concludes that the Respondent, R. E. Miller, in accordance with the findings of fact set forth previously hereof be found guilty of committing a violation of the provisions of Canon 2 B. of the Canons of Judicial Conduct of the State of Kansas as charged in the Notice of Formal Proceeding.

RECOMMENDATIONS

Having made the findings of fact and conclusions of law set forth previously, the Commission on Judicial Qualifications, by an affirmative vote of five members of the Commission who have considered the record, recommends to the Supreme Court of the State of Kansas, pursuant to Rule 621 of the Rules of the Supreme Court Relating to Judicial Conduct, that Respondent, R. E. Miller, be disciplined by public censure for the commission of the violations set forth previously.

Respondent neither elected to accept the recommendations of the Commission nor did he petition the court to modify or reject the recommendations. Accordingly, the matter comes on before this court for a determination on the merits based upon the record of the Commission's proceedings, as provided in our rule No. 625.

The Canons involved read as follows:

Canon 2 A. "A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

Canon 2 B. "A judge should not allow his family, social, or other relationships to influence his judicial conduct or judgment. He should not lend the prestige of his office to advance the private interests of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him. He should not testify voluntarily as a character witness."

Counsel for the respondent argues first that the remarks by Judge Miller were directed to Judge Meyer *in private,* while court personnel only were present, and therefore he urges us to hold that such conduct could not affect *public* confidence in the integrity and impartiality of the judiciary, and thus did not constitute a violation of Canon 2 A. We disagree.

The conduct which is important here is not the mere utterance of a few words, but the attempt of Judge Miller to influence the judicial action of Judge Meyer. Justice is everybody's business, not that of judges alone, and the intervention by a judge on behalf of a friend is a violation of both cited Canons, whether whispered in secret or shouted in public.

Finally, counsel suggests that the charge was not established by clear and convincing evidence. We have carefully reviewed the lengthy transcript of the testimony before the Commission and the statements of witnesses which were admitted in evidence, and conclude that the findings of the Commission are supported not only by the greater portion and greater weight of the evidence, but by clear and convincing evidence.

As we said in *In re Rome,* 218 Kan. 198, 542 P.2d 676, a judge "is expected to act in a manner inspiring confidence that even-handed treatment is afforded to everyone coming into contact with the judicial system." (p. 208.) Judge Miller's actions, as disclosed by this record, do not tend to inspire such confidence. His closing remark to Judge Meyer, "Well, I guess that is one favor I don't owe you," reflects a significant disregard for or misunderstanding of the function of a judge in our judicial system.

It is therefore ordered that respondent, R. E. Miller, be and he is hereby publicly censured by this court, and he is directed to pay the costs of this proceeding.

MCFARLAND, J., dissents.